# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-2109V

| | |
|---|---|
| BARBARA GLOTZBECKER,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: November 5, 2025 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Julianna Rose Kober, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 12, 2023, Barbara Glotzbecker filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered from Guillain-Barre syndrome as a result of an influenza vaccine she received on or about November 11, 2022. Petition, ECF No. 1. On July 29, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 30.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $28,891.32 (representing $22,389.40 in fees plus $6,501.92 in costs). Application for Attorneys' Fees and Costs ("Motion") filed August 6, 2025, ECF No. 34. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 34 at 2.

Respondent reacted to the motion on August 7, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 35. Petitioner filed a reply requesting an award of fees and costs as indicated in the Motion. ECF No. 36.

I have reviewed the billing records submitted with Petitioner's request.[3] The rates requested by Leah Durant, Christopher Williams, Mike Milmoe and supporting paralegals are reasonable and consistent with our prior determinations and shall be awarded. Petitioner has also requested the hourly rate of $412.00 for 2025 work performed by attorney Mateo Forero-Norena, representing a rate increase of $27.00 from the previous year and the hourly rate of $395.00 for 2025 work performed by attorney Iain McLeod. Based on my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. And all time billed to the matter was also reasonably incurred.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 34-2. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $28,891.32 (representing $22,389.40 in fees plus $6,501.92 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

---

[3] Petitioner's counsel is admonished that billing records should clearly identify the names of every person performing work in Vaccine Act cases. Referring to each person by initials only makes it difficult for the Court to determine the reasonableness of the request. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 76. (emphasis added).

2

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.